IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| STEVE JOHN SANDOVAL | § | |
| v. | § | CIVIL ACTION NO. 6:22cv15 |
| DIRECTOR, TDCJ-CID | § | |

<u>REPORT AND RECOMMENDATION<br>OF THE UNITED STATES MAGISTRATE JUDGE</u>

The Petitioner Steve John Sandoval, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him. The petition has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Petitioner was convicted of the disciplinary offense of possession of a weapon on April 16, 2021, receiving punishments of 45 days of commissary restrictions, 15 days of cell restrictions, reduction in classification status from Line Class I to Line Class III, and the loss of 360 days of good time credits. He filed a Step One grievance challenging the disciplinary conviction on April 22, 2021, and this was denied on June 18, 2021. Petitioner appealed this denial by filing a Step Two grievance appeal, which was denied on September 24, 2021. He then filed this federal habeas petition.

Petitioner asserts that the time limits for disciplinary cases under TDCJ rules were exceeded because he received notice of the disciplinary charge 27 days after the alleged infraction. He says that he asked his counsel substitute, Rodriguez, about the delay and she told him that the prison officials had 30 days to charge him, but Petitioner replied that this was not correct. He said that the

case had been written on the same day as the infraction and investigated the next day, and his counsel substitute told him that she would focus on that and bring it before the hearing officer if that was in fact the case. However, he states that he never heard from his counsel substitute again. The charging document says that the alleged offense occurred on January 28, 2021, that Petitioner was notified on February 25, 2021, and the hearing was held on April 16, 2021. (Docket no. 1-1, p. 1). Petitioner states that on March 1, 2021, the disciplinary office requested a 45 day extension, but this violated procedures as well; in addition, he stated that even if the 45 day extension was proper, it expired on April 14, two days before his hearing.

In his second claim, Petitioner contends in effect that Rodriguez provided ineffective assistance, saying that she failed to raise the procedural violation of the time limits and did not request a brief recess so as to calculate the time. He also maintained that she did not ask the disciplinary hearing officer why he, the hearing officer, did not question the charging officer, which Petitioner says is mandatory in all hearings. He also argued that Rodriguez would not assist him in his appeal even though he asked her to.

In his third claim, Petitioner complains that the disciplinary hearing officer did not question the charging officer and failed to document the reason for not having the charging officer present. He also states that the hearing officer did not give a reason for bypassing the time limits. Petitioner contends that the hearing officer's handwriting was not legible and that all of the paperwork was falsified; he says that documentation indicated that there was no hearing officer at the unit, apparently as an excuse for why the time limitations were not followed, but Petitioner says this was not true.

In his fourth and final claim, Petitioner states that the appeal process "asked for too many extensions just to deny my appeal at the end." He says that there were four extensions of time to investigate this disciplinary proceeding, but even though it was "very visible" that there were violations, the Step One and Step Two investigators nonetheless denied his appeal.

## II. The Respondent's Answer and the Petitioner's Reply

The Respondent has filed an answer asserting that Petitioner's first and fourth claims did not set out constitutional violations and that his second and third claims were unexhausted and procedurally defaulted because he did not raise them in both steps of his grievance appeal. Petitioner has filed a reply saying that he exhausted his claims through all available steps in the grievance procedure and that he is eligible for release on mandatory supervision.

## III. The State Records

The Respondent has also furnished copies of the disciplinary records in the case. Petitioner's Step One grievance (docket no. 24-1, p. 2) complains that the case is defective because the disciplinary hearing officer did not document the reasons why he did not question the charging officer and all the time limits were violated. He contended that the rules were bypassed because he is supposed to have a hearing within seven days, and if this cannot be done, then the hearing has to be held within 20 days. If it is not, then written permission would be required from a warden for a 45 day extension. Petitioner complained that instead, the disciplinary office got a 45 day extension and bypassed the other guidelines, and this extension was granted because there was not a hearing officer on the unit which was not true. Petitioner also asserted that he did not get notice of the case until 27 days later and the 45 day extension expired on April 14, two days before the hearing was held. Thus, he said that the conviction should be overturned without the option to rehear. He stated that he did not request witnesses because he is his own witness, but the charging officer must be called concerning non-frivolous evidence. The response to this grievance, signed by Warden Townsend, stated that the disciplinary case had been reviewed, no procedural errors were noted, there was sufficient evidence to support the finding of guilt, and the punishment imposed was within established guidelines.

In his Step Two appeal of the grievance, Petitioner complained that Warden Townsend was being discriminatory regarding the rules concerning time limits. He asserted that the case was defective and needs to be looked at more closely, and should be overturned based on default and the

expiration of the time limits. Petitioner argued that two extensions were requested in the Step One grievance, giving prison officials enough time to look at the claims more closely, but the warden nonetheless refused to overturn the case due to the type of case it is [i.e. concerning possession of a weapon]. He argued that the disciplinary rules have not changed and the 45 day extension had expired two days before the hearing. Petitioner further stated that the warden's response was "ignorant to rules stating that this case is invalid," indicating that a proper investigation was not conducted. The response to this grievance appeal stated that the disciplinary case has been reviewed, there was sufficient evidence to support the finding of guilt, no due process or procedural errors were noted, the punishment imposed was within guidelines, and the elements of the charge were met, so there is no reason to overturn the case.

On March 1, 2021, an inter-office communication from the disciplinary office to Warden Meador requested a time extension for a period of 30 days to serve or 45 days to hold the hearing. The justification given was "unavailability of disciplinary captain or CS [counsel substitute]." The warden approved the request. (Docket no. 24-2, p. 10).

The Court has also received and reviewed the audio recording of the hearing. At this hearing, the hearing officer introduced himself and had Petitioner introduce himself. Counsel substitute Rodriguez stated that she was ready and the charge was read. Petitioner acknowledged that he understood the charges against him, he received a copy of the charge on February 25, 2021, he was advised of his rights at the time of service, and he had an opportunity to discuss the charges with his counsel substitute.

Petitioner entered a plea of not guilty and was given the chance to make a statement. He said that the case was "served" on January 29 but he did not get a "computerized copy" until February 25. He argued that this was a procedural violation because he was supposed to be brought to court within 10 days after being served, or 20 days with an extension. However, he said he did not believe there were any records.

The hearing officer asked Rodriguez if she had any documentary evidence or witnesses. Plaintiff said that he had no witnesses, but says that he was charged with a "weapon or weapons." The hearing officer then stated that the charge would be considered as evidence and noted a photo of three items, two which appeared to be sharpened to a point and one of which appeared to be a catapult of some type, which had been linked to Petitioner. The hearing officer also noted an extension form of 45 days approved by the warden and said that the complaint of a procedural violation due to time limitations had been "squelched."

The hearing officer asked for mitigating evidence, and Rodriguez asked if Petitioner had anything else to say. Petitioner again raised the issue of the timing, and Rodriguez replied that she had 30 days to serve him. After she served him on February 25, there was 20 days to bring him to court, plus an additional 45 days because of the extension, so the hearing was timely. The hearing was then recessed for a decision, and Petitioner was found guilty and punishment assessed.

**IV. Discussion**

A. Exhaustion

The Respondent argues that Petitioner did not exhaust his claims that counsel substitute was ineffective for failing to raise the time limits and that the case was procedurally defective because the disciplinary hearing officer did not question the charging officer and falsified documents. Petitioner's reply argues that there are no other grievance outlets he can pursue and notes that the appeal to the director, which previously formed Step Three in the TDCJ grievance procedure, was discontinued a number of years ago and is no longer available to him.

Prisoners seeking habeas corpus relief are required to exhaust their available state remedies. 28 U.S.C. §2254(b). When the conviction challenged is a prison disciplinary conviction, this requires that the prison administrative grievance procedures be exhausted. Baxter v. Estelle, 614 F.2d 1030, 1031-32 (5th Cir. 1980); Lerma v. Estelle, 585 F.2d 1297, 1298 (5th Cir. 1978). The requirement of exhaustion means "proper exhaustion," complying with all administrative deadlines

and procedural rules. Woodford v. Ngo, 548 U.S. 81, 89-95, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006); Dillon v. Rogers, 596 F.3d 260, 268 (5th Cir. 2010).

The Fifth Circuit has stated that in order for an issue to be exhausted properly, it must be presented in a Step One grievance and then appealed to Step Two. Randle v. Woods, 299 F.App'x 466, 2008 U.S. App. LEXIS 24138, 2008 WL 4933754 (5th Cir., November 19, 2008), *citing* Woodford and Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004). Petitioner's Step Two grievance appeal did not present his claims that counsel substitute was ineffective or that the disciplinary hearing officer did not question the charging officer and falsified documents. As a result, these claims are unexhausted and thus procedurally defaulted. Moffatt v. Director, TDCJ-CID, 390 F.Supp.3d 560, 563 (E.D.Tex. 2005); *see* Sones v. Hargett, 61 F.3d 410, 416 (5th Cir. 1995). In the interest of justice, however, the Court will consider these claims on the merits. *See* 28 U.S.C. §2254(b)(2) (district court may deny habeas claims even if these claims are unexhausted).

B. The Time Limits

Petitioner first asserts that the time limits were exceeded in the service of the case to him and in conducting the hearing. He attaches a copy of the TDCJ disciplinary rules to his original petition; a more current copy, which was in effect at the time of the alleged infraction, is available online at https://txed-ecf.sso.dcn/doc1/175112290409.

In any event, however, the time limitations cited by Petitioner are a creation of TDCJ rules and the Fifth Circuit has held that a violation of prison rules and regulations does not itself rise to the level of a constitutional claim. In Johnson v. Director, TDCJ-CID, civil action no. 9:12cv34, 2012 U.S. Dist. LEXIS 150213, 2012 WL 4974644 (E.D.Tex., September 12, 2012), *Report adopted at* 2012 U.S. Dist. LEXIS 149049, 2012 WL 4971907 (E.D.Tex., October 16, 2012), this Court held that violations of prison rules and regulations concerning a prison disciplinary case did not set out a constitutional claim, citing Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir.1996) *and* Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir.1986). Because Petitioner has not shown that any alleged

violation of the time limitations amounted to a constitutional violation, his first ground for relief is without merit.

### C. Ineffective Assistance of Counsel Substitute

In his second ground for relief, Petitioner asserts that his counsel substitute, Rodriguez, failed to raise the procedural violation of the time limits and did not request a recess so as to calculate the time. He also complains that she did not ask the disciplinary hearing officer why he did not question the charging officer, which he says is mandatory in all hearings, and that she would not assist him in his appeal even though he asked her to and she was supposed to.

In effect, Petitioner asserts that Rodriguez provided him with ineffective assistance. The Fifth Circuit has stated that "as a prison inmate does not have a right to either appointed or retained counsel at prison disciplinary hearings, there is no constitutional violation on which habeas relief could be granted on the basis of ineffective assistance of counsel substitute at a disciplinary hearing. *See* Enriquez v. Mitchell, 533 F.2d 275, 276 (5th Cir. 1976)." Choyce v. Cockrell, 51 F.App'x 483, 2002 U.S. App. LEXIS 21841, 2002 WL 31319342 (5th Cir., September 30, 2002). Petitioner's claim on this point is without merit as well as unexhausted and procedurally defaulted.

### D. The Charging Officer's Presence at the Hearing

Petitioner's claims in this section were unexhausted and procedurally defaulted, and lack merit as well. He complains that the charging officer was not present at the hearing, but there is no constitutional requirement that the charging officer be present at the hearing. *See* Horace v. Thaler, civil action no. G-10-104, 2011 WL 1882513 (S.D.Tex., May 17, 2011) (denying habeas relief where charging officer was not present for disciplinary hearing involving a charge of possession of a weapon); Morgan v. Davis, 433 F.3d 455, 457-58 (5th Cir. 2005) (no right of confrontation or cross-examination at disciplinary hearings).

To the extent that this claim may be read as a challenge to the sufficiency of the evidence, it likewise lacks merit. The federal courts cannot retry every prison disciplinary dispute; rather, the court may act only where arbitrary or capricious action is shown. Stewart v. Thigpen, 730 F.2d 1002

(5th Cir. 1984). This means that prison disciplinary proceedings will be overturned only where there is no evidence whatsoever to support the result reached. Smith v. Rabelais, 659 F.2d 539, 545 (5th Cir. 1981); *see also* Adams v. Gunnell, 729 F.2d 362, 370 (5th Cir. 1983) (hearing officer's decision will be upheld when it is supported by "some facts ... any evidence at all.") An officer's report, by itself, is sufficient to support a finding of guilt. Hudson v. Johnson, 242 F.3d 534, 536-37 (5th Cir. 2001). The district court, in reviewing this issue, need not conduct a *de novo* factual review. Smith, 659 F.2d at 545.

In the present case, the evidence included Sgt. Oluwole's report that he found the weapons during a search of Sandoval's cell and photographs of the weapons found (docket no. 24-2, pp. 7 and 8). This is sufficient to satisfy the "some evidence" standard and support the finding of guilt. Hudson, 242 F.3d at 536-37. This contention is without merit.

Petitioner also complains that the hearing officer's handwriting was not legible and that the paperwork was "falsified" because it shows that the 45 day extension was granted because there was not a disciplinary hearing officer available when in fact he says this was not the case. (Docket no. 24-2, p. 10). The legibility of the charging officer's handwriting is not a constitutional violation, and in any event the hearing worksheet is readable without significant difficulty (docket no. 24-2, p. 3). The fact that a 45 day extension was granted for a reason which may have been incorrect likewise does not set out a constitutional violation, whether or not it shows a violation of TDCJ rules. This contention is without merit.

### E. Denial of Petitioner's Appeals

Petitioner complains that even though multiple extensions of time were granted during the grievance process, but a proper investigation was not conducted and the case was not overturned. The Fifth Circuit has held that inmates do not have a constitutional right to a grievance procedure at all, much less any right to have grievances resolved to their satisfaction. Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005). In Staples v. Keffer, 419 F.App'x 461, 2011 U.S. App. LEXIS 5778, 2011 WL 989818 (5th Cir., March 21, 2011), the prisoner challenged a disciplinary

proceeding through a habeas corpus petition. He asserted that he was denied due process during the prison's administrative remedy procedure because his appeals were arbitrarily and capriciously denied, but the Fifth Circuit affirmed the district court's dismissal of this claim, citing Geiger. As in that case, Petitioner has no constitutional right to have his appeals resolved in his favor, regardless of any extensions of time which may have occurred while his grievances were pending. Petitioner's claim on this point is without merit.

**V. Conclusion**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A district court may deny a certificate of appealability *sua sponte* because the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. *See* Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

In order to obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This requires a showing that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. James v. Cain, 50 F.3d 1327, 1330 (5th Cir. 1995); Buntion v. Lumpkin, 31 F.4th 952, 959 (5th Cir. 2022), *citing* Buck v. Davis, 137 S.Ct. 759, 773, 197 L.Ed.2d 1 (2017).

The Supreme Court has stated that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the prisoner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Petitioner has not shown, nor does it appear from the record, that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are adequate to deserve encouragement to proceed further. Consequently, he is not entitled to a certificate of appealability.

## RECOMMENDATION

It is accordingly recommended that the above-styled application for the writ of habeas corpus be dismissed with prejudice. It is further recommended that the Petitioner Steve John Sandoval be denied a certificate of appealability *sua sponte*.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. Duarte v. City of Lewisville, 858 F.3d 348, 352 (5th Cir. 2017).

**So ORDERED and SIGNED this 14th day of November, 2022.**

10

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE