IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| STEVE JOHN SANDOVAL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Case No. 6:22-cv-15-JDK-JDL |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Steve John Sandoval, a Texas Department of Criminal Justice inmate proceeding pro se, filed this federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to United States Magistrate Judge, the Honorable John D. Love, for findings of fact, conclusions of law, and recommendations for disposition.

On November 14, 2022, Judge Love issued a Report and Recommendation recommending that the Court deny the petition and dismiss this case with prejudice. Judge Love also recommended that a certificate of appealability be denied. Docket No. 29. Petitioner timely objected. Docket No. 30.

Where a party objects within fourteen days of service of the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en*

1

*banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Petitioner argues that he has a right to representation by a counsel substitute and that his counsel substitute was ineffective because she failed to raise the issue of the time limits being exceeded. He maintains that the charges against him could turn into criminal charges and that the alleged violations trigger due process protections because he lost good time and is eligible for release on mandatory supervision.

The Fifth Circuit has stated that "as a prison inmate does not have a right to either appointed or retained counsel at prison disciplinary hearings, there is no constitutional violation upon which habeas relief could be granted on the basis of ineffective assistance of counsel substitute at a disciplinary hearing." *Choyce v. Cockrell*, 51 F. App'x 483, at *1 (5th Cir. 2002), *citing Enriquez v. Mitchell*, 533 F.2d 275, 276 (5th Cir. 1976); *see also Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976). While Petitioner may have a protected liberty interest in good time credit, the Magistrate Judge correctly concluded that Petitioner failed to show a deprivation of the due process to which Petitioner was entitled under *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Although Petitioner speculates that the disciplinary charges could become criminal charges, the Supreme Court has explained that prison disciplinary proceedings are not criminal trials and the due process requirements in disciplinary proceedings are in many respects less demanding than those for criminal prosecutions. *Baxter*, 425 U.S. at 315-16; *Edwards v. Balisok*, 520 U.S. 641, 647

(1997). Petitioner's speculation is insufficient to show a denial of constitutionally required due process in the disciplinary proceeding.

Having conducted a de novo review of the Report and the record in this case, the Court has determined that the Report of the United States Magistrate Judge is correct, and Petitioner's objections are without merit. The Court therefore **OVERRULES** Petitioner's objections (Docket No. 30) and **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 30) as the opinion of the District Court. Petitioner's petition for habeas corpus is hereby **DISMISSED** with prejudice. Further, the Court **DENIES** a certificate of appealability.

So **ORDERED** and **SIGNED** this 4th day of **January, 2023.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE